[No. 20968. Department Two. April 3, 1928.]

## FRANK E. RHODES, *Respondent,* v. JAMES A. O'NEIL *et al., Appellants,* JERRY MACDONALD, *Respondent.*[1]

[1] MECHANICS' LIENS (94)—APPEAL AND ERROR (411)—ENFORCEMENT OF LIEN—EVIDENCE—SUFFICIENCY. In an action to enforce mechanics' liens, a conflict in the evidence as to whether the lien claimants performed the work under contract or under employment at day labor presents a question for the determination of the court.

[2] SALES (182)—SET-OFF AND COUNTERCLAIM (9)—CONDITIONAL SALES —REMEDIES OF SELLER AGAINST BUYER. Under a sale of an automobile upon monthly payments, giving the seller the option to retake the car on failure of payments, sell the car, and apply the net proceeds on the buyer's note, the seller cannot offset the amount due on the contract against the buyer's action on a mechanic's lien claim, where there had been no sale of the automobile and application of net proceeds upon the past due note of plaintiff.

Appeal from a judgment of the superior court for King county, Otis W. Brinker, judge *pro tempore,* entered August 4, 1927, upon findings in favor of plaintiff and cross-complainant in actions to foreclose mechanics' liens. Affirmed.

*Horan & Mulvihill,* for appellants.

*Joseph B. Smith,* for respondent Rhodes.

*Russell H. Fluent,* for respondent McDonald.

[1]Reported in 265 Pac. 737.

Askren, J.—The appellants O'Neil are the owners of certain real property in King county, on which they constructed in 1926 an apartment house. Respondents Rhodes and MacDonald performed electrical work thereon. Not being paid for his labor, Rhodes instituted suit after filing a lien. MacDonald also filed a cross-complaint against the O'Neils for foreclosure of his lien for services.

The cause came on for trial and the court entered a decree in favor of both MacDonald and Rhodes foreclosing their liens, and this appeal followed.

[1] The appellants challenge here the finding of the trial court that Rhodes performed the services for the benefit, and at the request, of the appellants. Their defense was that, at the time Rhodes accepted employment, he did so with the distinct understanding that MacDonald was doing the electrical work under contract; that he had been overpaid thereon, and that Rhodes would have to look to MacDonald for his pay.

Appellants also challenge the holding of the court that MacDonald was not performing the labor under contract, but was employed at day labor.

Both of these contentions rest upon the appellants' view of what they conclude is the preponderance of the evidence. There is no claim that the respondents did not offer positive and direct evidence that their work was at day labor. In fact, the conflict in the evidence is very marked, each side offering ample evidence to sustain its contentions. The trial court believed the testimony offered by respondents. It had the advantage of seeing and hearing the witnesses, and while there was a greater amount of evidence offered by the appellants, yet the weight of the whole was a matter for the court to determine, and we are unable to say that the evidence preponderates against its findings.

[2] One other serious question is raised by appellants: In the summer of 1926, appellants sold Mac-Donald an automobile for the sum of $450, payable at twenty-five dollars per month. A note was taken therefor, which provided that the O'Neils might, upon default of any payment, retake the car, and sell it at private or public sale. The note also provided that

"In consideration of the use of said auto, I, or we, hereby agree to pay any balance remaining unpaid after net proceeds are applied."

As an affirmative defense to MacDonald's request for foreclosure of his lien, the O'Neils set up the sale of the auto and the giving of the note. They further alleged that, after seven months had expired and no payments whatever had been made on the note, they took possession of the auto and paid some garage bills against it. They also alleged that they had failed to dispose of the car, but that they had a time offer of $275, "and in case they accept this, it would leave a balance due these defendants from the said plaintiff J. W. MacDonald in the sum of $307.91." Then followed a prayer for judgment against MacDonald. However, at the trial the O'Neils did not seek any recovery, but sought to set up the note by way of set-off or recoupment. Upon offer made to introduce the note in evidence to establish a sum still due thereon, an objection was interposed by MacDonald and sustained by the court. We are unable to determine from the statement of facts upon what theory the note was rejected, but we think the court was correct in its ruling. The note provided for a resale at public or private sale and an agreement to pay any balance remaining after the net proceeds had been applied. There had been no sale of the automobile and therefore could be no application of net proceeds as provided in the note. The contingency named in the note

had not yet arrived, even if it be assumed, as appellants contend, that MacDonald was bound by his note to pay the balance due.

The judgment is affirmed.

MACKINTOSH, C. J., HOLCOMB, MAIN, and FULLERTON, JJ., concur.